UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD VALDEZ and WILD WEST SECURITY SHUTTERS, LLC,

Plaintiffs,

v. Case No.: 2:26-cv-234-SPC-KRH

DANIEL HAMILTON and GERBRIG VANDERWOUDE,

Defendants.

---

**OPINION AND ORDER**

Before the Court are two motions to dismiss: one filed by Defendant Gerbrig Vanderwoude (Doc. 39) and one filed by Defendant Daniel Hamilton (Doc. 45). Plaintiffs Edward Valdez and Wild West Security Shutters, LLC ("Wild West") responded to both. (Docs. 48, 63). Vanderwoude filed a reply. (Doc. 61). For the below reasons, the Court grants Vanderwoude's motion and grants in part Hamilton's motion.

## Background[1]

This case involves tortious interference and patent disputes. Wild West provides hurricane security, such as shutters, for residential and commercial properties. Its services include installation, repair, and maintenance. Valdez, the owner of Wild West, co-developed a custom flood panel system with Vanderwoude. Vanderwoude created prototypes and technical drawings of the panel system. He oversaw production of the flood panels and engaged with various clients on Wild West's behalf.

Hamilton worked for Wild West as a sales consultant. His duties included traveling to prospective clients' properties to provide consultations and quotes for the flood panels and generally develop client relationships. Wild West terminated Hamilton in February 2025. He then established his own company that replicated the flood panels that Wild West and Valdez developed, manufactured, and co-invented. He marketed and sold these duplicate products in the same regions and to the same customer base as Wild West. Hamilton promoted his product as authentic and disparaged Wild West's product as counterfeit.

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

At some point (the complaint is not clear when), Vanderwoude must have left Wild West as well and joined forces with Hamilton. On February 27, 2025, Vanderwoude served Valdez and Wild West with a Cease-and-Desist Demand. (Doc. 37-2). He claimed that he held the intellectual property rights to the flood panels and demanded that Valdez and Wild West cease manufacturing and/or selling the product. And he cautioned Valdez that failure to comply would result in legal action. (*Id.*).

Despite Vanderwoude's demand, Plaintiffs apparently continued to produce and sell the flood panels. So on March 9, 2025, Vanderwoude sent another letter echoing his previous demand that Plaintiffs cease all sales of the flood panels. He maintained that the flood panel design belonged to him, and that "following [Valdez's] decision to sever relations with me, any further sales of the flood panel should have ceased immediately." (Doc. 37-3). He then noted that he obtained a provisional patent for the flood panel design and retained legal counsel. (*Id.*).

On May 28, 2025, Vanderwoude filed for a patent on the flood panel system. (Doc. 37-1). In the meantime, Hamilton spoke with Wild West's current and potential customers, telling them that Wild West's continued sale of the flood panels violated a cease-and-desist order. According to Plaintiffs, this assertion is untrue because Wild West stopped selling the flood panels (although it is unclear from the amended complaint when this occurred).

Hamilton also failed to mention to these customers that Valdez was the co-inventor of the flood panels. And he told past, current, and potential Wild West customers that Wild West's product was "counterfeit," not "real," and of poor quality. Because of Hamilton's statements, Wild West customers breached their contracts with Wild West, and prospective customers elected not to proceed with Wild West's services.

Additionally, Hamilton falsely advised the Cape Coral Permitting Services Department that Wild West had improperly installed shutters at various properties without the required permits. The City of Cape Coral then conducted inspections at each of the identified properties. This unwarranted scrutiny resulted in customers turning away from Wild West.

On August 26, 2025, Vanderwoude received his patent, titled "One Piece Flood Panel Barrier for Residential and Commercial Structures," Patent No. 12,398,591 ("'591 patent") (Doc. 37-1). However, Valdez was not listed as a co-inventor on the patent or the application; Vanderwoude is the sole inventor listed.

Based on the foregoing, Plaintiffs bring claims against both Hamilton and Vanderwoude for defamation (count III) and declaratory judgment of non-patent infringement (count VI). Against Hamilton, Plaintiffs bring tortious interference with business relations and contract (counts I and II) and injurious falsehood (count IV) claims. Against Vanderwoude, Plaintiffs bring

claims for correction of inventorship (count V) and declaratory judgment seeking to declare Vanderwoude's patent invalid (count VII).

## Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Vanderwoude moves to dismiss count VI—declaration of non-patent infringement. (Doc. 39). Hamilton seeks dismissal of each count against him. (Doc. 45). The Court address each motion in turn.

## I. Vanderwoude's Motion to Dismiss

Vanderwoude's motion is straightforward. He seeks dismissal of Plaintiffs' non-infringement declaratory relief claim, arguing no ongoing controversy exists to maintain a claim for declaratory relief. "An essential element for a declaratory judgment action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Frank v. Rockhill Ins. Co.*, No. 2:18-CV-162-FTM-99CM, 2018 WL 5619325, at *2 (M.D. Fla. Oct. 30, 2018) (citation omitted). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking . . . declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).

In count VI, Plaintiffs seek a declaration that their continued sale, manufacture, and marketing of the flood panels would not infringe Vanderwoude's patent. (Doc. 37). And they argue an actual controversy exists because Vanderwoude threatened legal action if they did not cease production and sale of the flood panel. (Doc. 48).

To determine whether an actual controversy exists in an action for declaratory judgment of patent non-infringement, the Federal Circuit has outlined a two part test:

> First, the defendant in such an action must have engaged in conduct that created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question. Next, the plaintiff must have actually produced the accused device or have actually prepared to produce such a device.

*GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 481 (Fed. Cir. 1996) (cleaned up and citation omitted). Plaintiffs' non-infringement claim fails at the first step.

Vanderwoude did not create a reasonable apprehension that Plaintiffs would face an infringement suit. Although Vanderwoude threatened legal action, he did so *before* he actually obtained the '591 patent. Threats before a patent issues are insufficient to create a case or controversy for a declaratory action. *See Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 70 F. Supp. 2d 944, 958 (N.D. Iowa 1999) (reversed in part on other grounds) ("Although the '851 patent issued before [the plaintiff] filed its declaratory judgment claim, the statements upon which [the plaintiff] relies as creating its 'reasonable apprehension' were made prior to issuance of the patent—that is, the 'threats' were not made with respect to a patent that had issued."); *cf. IVX Animal Health, Inc. v. Burger*, 475 F. Supp. 2d 1264, 1268 (S.D. Fla. 2007) (finding no

actual controversy for non-infringement claim when reference to litigation came when validity of patent was unclear). And Plaintiffs point to no other conduct by Vanderwoude that restrained them regarding the flood panels. *See Lannett Co. Inc. v. KV Pharm.*, No. CV 08-338-JJF, 2009 WL 10737496, at *4 (D. Del. Feb. 4, 2009) (finding no actual controversy for non-infringement claim where the defendant had not "taken any actions that restrained [the plaintiff] with regard to its product").

Because Plaintiffs fail to demonstrate an actual controversy exists, the Court lacks jurisdiction over the declaratory judgment claim for non-infringement. The Court thus dismisses count VI without prejudice but without leave to amend.

## II. Hamilton's Motion to Dismiss

Hamilton raises various arguments seeking dismissal of Plaintiffs' complaint or, alternatively, a more definite statement. He first argues the complaint fails to clearly identify which Plaintiff is bringing each claim. (Doc. 45 at 2–3). But this is largely untrue. The "wherefore" clause of each count identifies which Plaintiff(s) brings each claim. For instance, the clause in counts I, II, III, and IV states: "Plaintiff, Wild West Security Shutters, LLC, respectfully requests this Court enter judgment[.]" (Doc. 37 at 9–13). Count V states "Plaintiff, Edward Valdez, respectfully requests this Court enter

judgment[.]" (*Id.* at 14). And in counts VI and VII, both Plaintiffs request judgment. (*Id.* at 15–16). There is no confusion here.[2]

Hamilton next attacks Plaintiffs' defamation (count III) and injurious falsehood (count IV) claims, arguing they fail to state a claim. He claims the allegations are vague and fail to provide requisite information, such as a description of the alleged defamatory statement and a time frame in which they occurred. The Court partially agrees.

"[W]hen pleading a Florida defamation claim in federal court, the plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Selinger v. Kimera Labs, Inc.*, No. 20-CV-24267, 2022 WL 34444, at *10 (S.D. Fla. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 220063 (Jan. 25, 2022) (citation omitted). "Beyond that further factual pleading is not required by Rule 8, such as the identification of the person or category of persons who received the publication at issue." *Id.*; *see also Nationwide Relocation Servs., Inc. v. Walker*, 2008 WL 11333712, at *6 (S.D. Fla. Feb. 29, 2008) (rejecting defendants' theory that to state a claim for

[2] The sole ambiguity is found in the "wherefore" cause of count IV, which states "Plaintiff, Wild West Security Shutters, LLC, respectfully requests this Court enter judgment . . . awarding *Plaintiffs*" damages. (Doc. 37 at 13) (emphasis added). But this inconsistency is nothing more than a typo. It is clear only Wild West brings this claim, and Plaintiffs confirm as much in their response. (Doc. 63 at 5–6). Even so, Plaintiffs should rectify this error in their forthcoming Fifth Amended Complaint.

defamation, a complaint had to identify the persons to whom the defamatory comments were made).

Plaintiffs allege some, but not all, of the requisite information. They identify the speaker—Hamilton—and the alleged defamatory statements—that Wild West was operating in violation of a cease-and-desist order, was "out of business," and made false statements about the quality and authenticity of Wild West's product, such as that its product is counterfeit and fake. (Doc. 37 ¶¶ 74, 78). Although Hamilton argues Plaintiffs needed to specifically allege the recipient of the statements, as mentioned above, this is untrue. *See Selinger*, 2022 WL 34444, at *10. Indeed, this is not a case where "absent an allegation relating to the recipient's identity, the plaintiff's defamation claim simply is not plausible or viable." *Id.* That said, the Court agrees Plaintiffs fail to allege when Hamilton purportedly made the defamatory statements. So the Court dismisses the defamation claim without prejudice. *See Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (dismissing defamation claim because the plaintiffs failed to allege when the defendant made the alleged slanderous statements).

Hamilton raises the same arguments for the injurious falsehood claim, and the result is the same.[3] Plaintiffs allege Hamilton made false and

---

[3] Defamation and injurious falsehood are largely the same, except "injurious falsehood protects the economic interests of an injured party against pecuniary loss" whereas

disparaging statements about Wild West's flood panels and related services, such as that the flood panels are "counterfeit," "fake," and that Wild West was operating in violation of a cease-and-desist order. (Doc. 37 ¶ 87). As outlined above, Plaintiffs fail to allege the timing of the alleged false statements. So the injurious falsehood claim is also dismissed without prejudice. *See Reed v. Chamblee*, No. 3:22-CV-1059-TJC-PDB, 2023 WL 6292578, at *25 (M.D. Fla. Sept. 27, 2023) (dismissing injurious falsehood claim when defamation claim predicated on same statements failed).

Keeping on theme, Hamilton raises the same arguments for Plaintiffs' tortious interference claims (counts I and II). In these claims, Plaintiffs allege Hamilton's various false statements caused current and prospective clients to forgo business with Wild West and/or cancel contracts. (Doc. 37). Hamilton complains that Plaintiffs fail to specify to whom and when he purportedly made the statements or how the statements damaged them. (Doc. 45 at 6). But Plaintiffs specifically identify the clients with whom they maintained a business relationship or were in privity. (Doc. 37 ¶¶ 60, 67). And they allege

---

defamation "protects the personal reputation of the injured party." *Francois v. City of N. Miami Beach Police Dep't*, No. 1:25-CV-21375-JEM, 2025 WL 3216638, at *8 (S.D. Fla. Oct. 27, 2025), *report and recommendation adopted*, 2025 WL 3215884 (Nov. 18, 2025); *see also Leavitt v. Cole*, 291 F. Supp. 2d 1338, 1342 (M.D. Fla. 2003) (explaining injurious falsehood "redresses damage to business interests from disparagement reflecting upon the business' existence or character, or the manner in which the business is conducted"). But both claims "involve an injury the plaintiff sustained through the publication of a false statement about the plaintiff to a third party." *Francois*, 2025 WL 3216638, at *8.

the false statements resulted in the loss of business and contractual relations. (*Id.* ¶¶ 63–64, 69–71).

The only remaining concern is *when* Hamilton issued the false statements. It is not clear whether Plaintiffs need to allege this information to state a tortious interference claim. Indeed, Hamilton provides no authority suggesting as much. But either way, Plaintiffs must provide the timing of the statements anyway for the defamation and injurious falsehood claims, as discussed above. So there is no need to dismiss the tortious interference claims on this basis.

Finally, Hamilton moves to dismiss count VI—declaration of non-infringement. But the Court already dismissed this claim. (*See supra* § I). The Court need not address it again here.

**Accordingly, it is**

**ORDERED:**

1. Vanderwoude's Motion to Dismiss (Doc. 39) is **GRANTED**. Count VI is **DISMISSED without prejudice but without leave to amend.**
2. Hamilton's Motion to Dismiss (Doc. 45) is **GRANTED in part and DENIED in part**. Counts III and IV are **DISMISSED without prejudice**.
3. On or before **September 3, 2026**, Plaintiffs may file a Fifth Amended Complaint that rectifies the identified deficiencies.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record