UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD VALDEZ and WILD WEST SECURITY SHUTTERS, LLC,

Plaintiffs,

v. Case No.: 2:26-cv-234-SPC-KRH

DANIEL HAMILTON and GERBRIG VANDERWOUDE,

Defendants.

---

GERBRIG VANDERWOUDE,

Counterclaimant and Third-Party Plaintiff,

v.

EDWARD VALDEZ and WILD WEST SECURITY SHUTTERS, LLC,

Counterclaim Defendants,

and

CHRSITINA VALDEZ,

Third-Party Defendant.

---

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss filed by Counterclaim Defendants Wild West Security Shutters, LLC ("Wild West") and Edward Valdez and Third-Party Defendant Christina Valdez. (Doc. 42). Counterclaimant/Third-Party Plaintiff Gerbrig Vanderwoude responded. (Doc. 59). For the below reasons, the Court grants the motion in part.

This counterclaim involves a breach of oral contract and unjust enrichment. (Doc. 36).[1] Vanderwoude developed adaptable flood panel barriers that protect structures against rising flood waters. At some point, he discussed with Wild West and Edward and Christina Valdez (jointly, the "Valdezes")—the owners and managers of Wild West—manufacturing and selling his flood barrier panels, including developing the requisite facilities. The parties entered into an oral contract under which Vanderwoude would receive ten percent of the gross sales revenue from the flood panels for his services.

On behalf of Wild West, Vanderwoude developed and oversaw the manufacturing of the flood panels at a Wild West facility. However, Vanderwoude learned that Wild West was improperly installing the flood

[1] The Court accepts the well-pleaded facts in the counterclaim as true and construes them in the light most favorable to the counterclaimant. *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

panels at various structures. When he raised this concern to Wild West and the Valdezes, the issue was never rectified. The Valdezes severed the relationship with Vanderwoude. To date, Wild West and the Valdezes have not paid Vanderwoude his revenue share or any other compensation for his work.

Based on the foregoing, Vanderwoude brings claims for breach of contract (count I) and unjust enrichment (counts II and III). Wild West and the Valdezes move to dismiss the claims, arguing Vanderwoude has not alleged sufficient facts to pierce the corporate veil and fails to show the Valdezes received a personal benefit that they unjustly retained. (Doc. 42).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Valdezes argue Vanderwoude has not plausibly alleged facts to pierce the corporate veil and hold them individually liable. (Doc. 42). In response, Vanderwoude does not purport to have adequately alleged corporate veil piercing. Instead, he argues he does not need to pierce the veil because he brings the claims against the Valdezes in their individual capacities, not in their capacity as managers of Wild West. (Doc. 59 at 7). But that is precisely why he needs to pierce the corporate veil.

Vanderwoude does not seem to understand the corporate forum. Corporations and limited liability companies, as legal entities, cannot act alone. Rather, they act through individuals, such as their officers, directors, members, and managers. But an individual's actions on a corporate entity's behalf are separate from an individual's personal conduct. The corporate veil shields individual officers' actions "from liability stemming from a corporation's actions." *S. Dade Dealership, LLC v. Line 5 LLC*, 433 So. 3d 812, 817 (Fla. Dist. Ct. App. 2026); *see also Corporate Veil*, *Black's Law Dictionary* (12th ed. 2024) ("The legal assumption that the acts of a corporation are not the actions of its shareholders, so that the shareholders are exempt from liability for the corporation's actions."). Thus, to hold an individual officer liable for the corporation's action, the corporate veil must be pierced. *Id.*

(explaining to hold a corporation's shareholders liable for the corporation's debts requires piercing the corporate veil).

Vanderwoude claims he seeks to hold the Valdezes liable for their individual conduct. He is correct that the corporate veil need not be pierced for an officer's personal conduct. But he alleges no individual or personal conduct by the Valdezes or individual benefit unjustly retained. Rather, all of Vanderwoude's allegations show the Valdezes' conduct was on behalf of Wild West—*i.e.*, entering into a contract to develop the flood panels and failing to compensate him—and that any benefit was unjustly retained by Wild West. So to hold the Valdezes individually liable, he must pierce the corporate veil. Because he makes no effort to do so, the Court dismisses his claims against the Valdezes without prejudice.[2]

Accordingly it is

**ORDERED:**

1. The Motion to Dismiss (Doc. 42) is **GRANTED in part**.
2. The counterclaims/third-party claims against Edward and Christina Valdez are **DISMISSED without prejudice**.
3. The counterclaims otherwise survive against Wild West.

---

[2] Although the motion targets the insufficient allegations against the Valdezes, they move to dismiss the counterclaim/third-party complaint in its entirety. But the claims appear otherwise viable against Wild West, and there is no argument to the contrary. So the Court dismisses the claims only against the Valdezes. The claims survive against Wild West.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record